**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GANTT W. MILLER and KORLISS K. MILLER, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 06-616C (Judge Bush) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to plaintiff's first amended complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Denies.

3. The allegation contained in paragraph 3 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

4. Admits the allegations contained in the first sentence of paragraph 4 to the extent supported by the loan agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 4. Denies the allegations contained in the second sentence of paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits the allegations contained in paragraph 5 to the extent supported by the loan agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the loan agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the loan documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 7.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Denies the allegations contained in paragraph 9 to the extent supported by the loan agreements cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the loan agreements cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the loan agreements cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the loan documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the loan documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the loan agreements cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the loan agreements cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the loan agreements cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the loan documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the loan documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the loan agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the loan agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the loan agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the loan documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the loan agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the loan agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the loan agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the loan documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 26.

27. Admits the allegations contained in the first sentence of paragraph 27 to the extent supported by the loan documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 27. Denies the allegations contained in the second sentence of paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. The allegations contained in paragraph 28 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that Congress enacted the legislation cited, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

29. The allegations contained in paragraph 29 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that Congress enacted the legislation cited, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

30. Denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Admits that on or about March 8, 2002, Mr. Miller submitted a written prepayment request concerning the referenced property. Admits the remainder of the allegations contained in paragraph 31 to the extent supported by the prepayment requested cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 31.

32. The allegations contained in paragraph 32 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that the USDA did not accept the referenced prepayment.

33. Defendant incorporates its responses to paragraphs 1 through 32 in response to paragraph 33.

34. Denies.

35. Denies.

36. Denies that plaintiffs are entitled to any of the relief requested in the prayer for relief.

37. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the complaint be dismissed and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**Filed electronically**

**s/Michael S. Dufault**
MICHAEL S. DUFAULT
Michael S. Dufault
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-0471
Facsimile: (202) 353-7988

Attorneys for Defendant

OF COUNSEL:
Alicia Peden
Office of General Counsel
Department of Agriculture

December 24, 2006

NOTICE OF FILING

I hereby certify that on January 3, 2007, a copy of the foregoing "ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Michael S. Dufault