# In the United States Court of Federal Claim

No. 06-616 C

(Filed January 9, 2007)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * | |
| GANTT W. MILLER, et al., | * |
| | * |
| *Plaintiffs*, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| *Defendant*. | * |
| * * * * * * * * * * * * * * * * * * * * * | |

**ORDER**

On January 3, 2007, the parties filed a Joint Motion to File the Answer and the Joint Preliminary Status Report (JPSR) and Request for a Stay of Proceedings Pending ADR. The parties' motion states that upon this case being joined in ADR with *Amy Associates v. United States*, Fed. Cl. No. 06-397C, the "parties operated under the incorrect presumption that proceedings had also been stayed, including all filing deadlines." J. Mot. At ¶2. Therefore, the court's deadlines for the filing of the parties answer and JPSR in the subject matter have passed and the parties are seeking leave by the court to allow the filing of these submissions. The Clerk's office shall allow the filing of the answer and the JPSR. However, since this is an electronic case and the parties submitted the Answer and JPSR as attachments to their motions, the parties shall now file these submissions electronically as individual documents.

On October 17, 2007, the court issued an order in which the consolidation of Miller and Amy was addressed. The order stated, in pertinent part, as follows:

> With respect to plaintiff's assertion that the two cases should be consolidated, at this point, since both *Amy* and *Miller* are assigned to the undersigned, there is no

> apparent need for consolidation. Moreover, this court would require an actual motion in that regard, as well as a statement of the government's position on the issue of consolidation. Since the court views the issue of consolidation to be premature at this point, it will not be further addressed and if plaintiff subsequently deems consolidation to still be necessary, plaintiff may revisit the issue in the future by filing a motion in that regard.

In addition to not consolidating *Miller* and *Amy*, the court's October 17, 2006 order did not impose a stay in *Amy*, stating that:

> Neither party has expressed a preference as to whether this case should be stayed pending the outcome of settlement negotiations and ADR proceedings. The parties do state, however, that they will likely need to exchange relevant documents in order to properly evaluate settlement issues. In the absence of a stated preference on the part of the parties, the court will not impose a stay at this time.

With the filing of the parties' motions and attachments thereto, it is apparent that the parties desire the court to stay both cases, although the specific request was filed only in *Miller*. The court shall grant the parties' motion to stay in *Miller* and shall file a separate order in *Amy* also issuing a stay so that the parties can continue to attempt to resolve these matters by utilization of the court's ADR program. Therefore, based on the foregoing, the parties shall file a joint status report at the conclusion of ADR informing the court as to how the parties wish to proceed in the subject matter.

Accordingly, it is hereby **ORDERED** that:

(1) The parties' Joint Motion to File Answer and Joint Preliminary Status Report and Request for a Stay of Proceedings Pending ADR, filed January 2, 2007, is **GRANTED**;

(2) The parties are directed to **FILE** the **Answer** and the **Joint Preliminary Status Report**, on or before **January 12, 2007**;

(3) The subject matter shall be **STAYED** until further order of the court; and

(4) The parties shall **FILE** a **Joint Status Report** within fourteen days after the conclusion of ADR informing the court as to how the parties would like to proceed. If the parties propose to proceed with discovery, the parties shall confer and propose discovery and/or dispositive motion dates, if applicable.

/s/Lynn J. Bush
LYNN J. BUSH